IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No.   6:19-cv-_____-Orl-_____

STEVEN D. SANDERS,
and others similarly situated,

     Plaintiff,

vs.

**COLLECTIVE ACTION**

SEJA, INC., a Florida corporation,
DOWNTOWN 36484, INC., a Florida corporation,
NUMBER FIVE, INC., a Florida corporation,
25063 FRENCH AVE CORPORATION, a Florida
corporation, and ALEXANDRE DEGAN, individually,

     Defendants.

_____ /

# Complaint and Demand for Jury Trial

Plaintiff, STEVEN D. SANDERS, and others similarly situated, by and through his

undersigned counsel, hereby sues Defendants, 25063 FRENCH AVE CORPORATION,

DOWNTOWN 36484, INC., NUMBER FIVE, INC., SEJA, INC., and ALEXANDRE DEGAN,

and alleges as follows:

## I.   Introduction

1.   This is a collective action for overtime compensation violations brought pursuant to

and arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.

Act.

## II.   Jurisdiction

2.   This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1367 and 16(b) of the Fair

Labor Standards Act [29 U.S.C. 216(b)] and 29 U.S.C. §621.

### III.   Venue

3.   The cause of action arose in Orange County, Florida, in the Middle District of Florida.

### IV.   Parties

4.   Plaintiff, STEVEN D. SANDERS (hereinafter "SANDERS"), is a resident of Orange County, Florida.

5.   Defendant, 25063 FRENCH AVE CORPORATION, is a Florida Corporation having its principal place of business is Seminole County, Florida.

6.   Defendant, DOWNTOWN 36484, INC., is a Florida Corporation having its principal place of business is Orange County, Florida.

7.   Defendant, NUMBER FIVE, INC., is a Florida Corporation having its principal place of business is Orange County, Florida.

8.   Defendant, SEJA, INC., is a Florida Corporation having its principal place of business is Orange County, Florida.

9.   Defendants, 25063 FRENCH AVE CORPORATION, DOWNTOWN 36484, INC., NUMBER FIVE, INC., and SEJA, INC., all operate convenience stores in Orange and Seminole Counties, Florida under the fictitious names of "7-11" and all Defendants are owned and operated by Defendant, ALEXANDRE DEGAN.

10.   For purposes of this action and the application of the provisions of the Fair Labor Standards Act, Defendants, 25063 FRENCH AVE CORPORATION, DOWNTOWN 36484, INC., NUMBER FIVE, INC., and SEJA, INC., should be treated as joint employers.

- 2 –

11.     For convenience and clarity of expression, Defendants, 25063 FRENCH AVE CORPORATION, DOWNTOWN 36484, INC., NUMBER FIVE, INC., and SEJA, INC., shall hereinafter collectively be referred to as "DEGAN CONVENIENCE STORES."

12.     The "DEGAN CONVENIENCE STORES" are located throughout Orange County at the addresses set forth below.

| Corporation | Address |
|---|---|
| 25063 FRENCH AVE CORPORATION | 100 North French Avenue Sanford, FL   32771 |
| DOWNTOWN 36484, INC. | 3216 Alamo Drive Orlando, FL 32805 |
| NUMBER FIVE, INC. | 7250 S. Kirkman Road Orlando, FL   32819 |
| SEJA, INC. | 3216 Alamo Drive Orlando, FL 32805 |

13.     SANDERS was employed as a convenience store clerk for DEGAN CONVENIENCE STORES on a continuous basis from approximately October 10, 2017 to January 24, 2019 (hereinafter referred to as the "Liability Period."

14.     During the entire term of his employment, SANDERS regularly worked 50 hours per week working at one of the convenience stores owned and operated by Defendants.

15.     For purposes of computing his total hours worked each week, Defendants treated its 7-11 convenience stores as separate employers even though Plaintiff's hours exceeded 40 hours in a workweek while working at multiple stores.

16.     During the entire term of his employment, SANDERS regularly worked 50 hours per week working at numerous convenience stores owned and operated by Defendants.

N. James Turner, Esq. · 100 S. Bumby Avenue · Orlando, Florida 32803 · 888.877.5103

17.     DEGAN CONVENIENCE STORES employed Plaintiff and others similarly situated convenience store clerks during the Liability Period.

18.     DEGAN CONVENIENCE STORES employs workers engaged in interstate commerce who handle, sell, or otherwise work on goods or materials that have been moved in or produced for such commerce.

19.     For each year since 2017, Defendant DEGAN CONVENIENCE STORES had annual gross sales in excess of five hundred thousand dollars ($500,000.00).

20.     At all times material hereto, Defendant ALEXANDRE DEGAN, an individual, was and is a resident of the State of Florida who resides in Orange County, Florida.

21.     At all times material hereto, Defendant ALEXANDRE DEGAN owned and operated DEGAN CONVENIENCE STORES and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, and otherwise control the finances and operations of DEGAN CONVENIENCE STORES.   By virtue of such control and authority, Defendant ALEXANDRE DEGAN is an employer as defined by the Fair Labor Standards Act, § 201 et seq.

22.     Defendant, ALEXANDRE DEGAN, is an officer, director, shareholder and manager of the DEGAN CONVENIENCE STORES.

23.     Defendant, ALEXANDRE DEGAN, is and was substantially in control of the terms and conditions of the Plaintiff's work and may therefore be considered as statutory employer under 29 U.S.C. §203(d).

## V.  Nature of the Case

24.     This action is brought to recover overtime wages owed to plaintiff and all current

and former similarly situated pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, convenience store

clerks of DEGAN CONVENIENCE STORES.

25.     Section 203(d) of the FLSA defines "employer" as "any person acting directly or

indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

26.     An entity "employs" a person under the FLSA if it "suffer[s] or permit[s]" the

individual to work. 29 U.S.C. § 203(g).

27.     In determining whether a particular entity employed an individual, a court must

ask "if, as a matter of economic reality, the individual is dependent on the entity."  *Antenor v. D*

*& S Farms,* 88 F.3d 925, 929 (11th Cir. 1996).

28.     The "economic realities test" described in *Antenor, supra*, looks at the

"surrounding circumstances of the whole activity" to ascertain whether the person was dependent

upon the putative employer.  *Beck v. Boce Grp., L.C.*, 391 F. Supp. 2d 1183, 1186 (S.D. Fla.

2005).

29.     In addition, the FLSA recognizes that "a worker can be economically dependent

on, and thus jointly employed by, more than one entity at the same time."  *Antenor,* 88 F.3d at

929. Accordingly, "whether the employment by the employers is to be considered joint

employment or separate and distinct employment for purposes of the act depends upon all the

facts in the particular case." 29 C.F.R. § 791.2(a) (2013).

30.     The Eleventh Circuit specifically employs eight factors in analyzing whether a

joint employment relationship exists:

        (1)   the nature and degree of the putative employer's control of the workers;

- 5 -

(2)   the degree of supervision, direct or indirect, of the work;

(3)   the right, directly or indirectly, to hire, fire, or modify the workers'

employment conditions;

(4)   the power to determine the workers' pay rates or methods of payment;

(5)   the preparation of payroll and payment of the workers' wages;

(6)   the ownership of the facilities where the work occurred;

(7)   whether the workers performed a line job integral to the end product; and

(8)   the relative investment in equipment and facilities. *Beck*, 391 F. Supp. 2d at

1187.

31.      Furthermore, the Eleventh Circuit has provided a few underlying principles to

guide the execution of this analysis.

a.      The inquiry in joint employment cases is "not whether the worker is more economically dependent on the independent contractor or the [alleged employer], with the winner avoiding responsibility as an employer." *Layton v. DHL Express (USA), Inc.,* 686 F.3d 1172, 1177 (11th Cir. 2012) (quoting *Antenor*, 88 F.3d at 932).

b.      No one factor is determinative as the existence of a joint employment relationship depends on the economic reality of all the circumstances. Antenor, 88 F.3d at 932.

c.      Economic dependence is the ultimate notion that must direct the court's decision and "the weight of each factor depends on the light it sheds on the []workers' economic dependence (or lack thereof) on the alleged employer, which in turn depends on the facts of the case." Id. at 932-33.

d.      The joint employment analysis is "not determined by a mathematical formula." Id. at 933.   The absence of any one or more of the factors does not preclude a finding of joint employment. Id. Indeed, "[t]he purpose of weighing the factors is . . . to view them qualitatively to assess the evidence of economic dependence, which may point to both" putative employers. Id.

- 6 -

e. The court "must not allow common-law concepts of employment to distract [its] focus from economic dependency."

d. The FLSA as a remedial statute should be construed broadly. *Beck*, 391 F. Supp. 2d at 1187.

32. From October of 2017 through January of 2019, Defendants have failed to pay overtime wages required by the FLSA to its convenience store clerks such as Plaintiff.

33. Plaintiff and all similarly situated employees who elect to participate in this action seek overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

34. At all times during the period when the Plaintiff, as a convenience store clerk, rendered services to DEGAN CONVENIENCE STORES, it exercised significant control over him.

35. At all times during the period when Plaintiff rendered services as a convenience store clerk to DEGAN CONVENIENCE STORES, he was paid on an hourly basis at a rate set by Defendant.

36. At all times during the period when the Plaintiff rendered services as a convenience store clerk to DEGAN CONVENIENCE STORES, he exercised little or no initiative to perform his work.

37. At all times during the period when the Plaintiff rendered services as a convenience store clerk to DEGAN CONVENIENCE STORES, providing convenience store services was an integral part of the Defendant's business.

38. The individual claims of the Plaintiff, and others similarly situated, have common questions of fact and law.

## VI. Factual Background

39.     DEGAN CONVENIENCE STORES operates, and at all times relevant to this Complaint, has operated 7-11 convenience stores throughout Orange and Seminole Counties, Florida.

40.     Defendants' paying its convenience store clerks from the individual stores regardless of the total amount of hours they worked at all 4 stores was designed to, and has the effect of, denying its clerks the overtime wages required by the FLSA.

41.     Throughout the liability period, Defendant's clerks regularly worked approximately 55 hours per week.

42.     Individuals employed by DEGAN CONVENIENCE STORES as clerks are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the FLSA, and the implementing rules and regulations of the U.S. Department of Labor.

43.     DEGAN CONVENIENCE STORES suffers or permits its clerks such as Plaintiff to work for it.

44.   The economic reality is that DEGAN CONVENIENCE STORES's convenience store clerk-employees are economically dependent on it.

45.     The work done by the Plaintiff, and others similarly situated, is an integral of DEGAN CONVENIENCE STORES's business.

46.     DEGAN CONVENIENCE STORES maintains exclusive control over the clerks' primary means of income by setting schedules and assignments.

47.     DEGAN CONVENIENCE STORES controls its workers through the use and threat of termination.

- 8 -

## VII.   Collective Actions Claims

48.   In addition to Plaintiff, numerous employees and former employees of DEGAN

CONVENIENCE STORES are similarly situated to Plaintiff because they have been denied

overtime compensation while employed as clerks for DEGAN CONVENIENCE STORES.

49.   Defendant, DEGAN CONVENIENCE STORES, has willfully violated the

provisions of Sections 7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing

employees engaged in commerce for work-weeks longer than 40 hours without compensating

them for their employment in excess of 40 hours at rates not less than one and one-half times the

regular rates at which they were employed.

50.   Defendants' policy of paying its employees from its individual stores is both

unlawful and company-wide and each non-exempt employee employed by Defendant has been

deprived of overtime, similarly to the named Plaintiff.

51.   The failure to pay overtime compensation to Plaintiff is unlawful in that he is not

exempt from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a).

52.   Plaintiff is representative of other employees and are acting on behalf of their

interests as well as Plaintiffs' own interests in bringing this action.

53.   Those similarly situated employees are known to DEGAN CONVENIENCE

STORES and are readily identifiable and locatable through DEGAN CONVENIENCE

STORES's records.

54.   Those similarly situated employees should be notified of allowed to opt into this

action, pursuant to 29 U.S.C. §216(b).

55.   Unless notice is issued, persons similarly situated to Plaintiffs, who have been

unlawfully deprived of overtime wages in violation of FLSA, will be unable to secure

compensation to which they are entitled, and which has been unlawfully withheld from them by DEGAN CONVENIENCE STORES.

## COUNT I – FLSA Overtime Wages

56.      The allegations in paragraphs 55 are incorporated by reference herein.

57.      By its actions alleged above, Defendants willfully, knowingly and/or recklessly violated the provisions of FLSA, which require overtime wages compensation to non-exempt employees, 29 U.S.C. §206.

58.    As a result of Defendants' unlawful acts, plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

## Prayer for Relief

WHEREFORE, SANDERS and all employees similarly situated who join in this action pray for this Court:

A.   To authorize the issuance of notice at the earliest possible time to all DEGAN CONVENIENCE STORES employees who currently hold or who held the position of convenience store clerk during the Liability Period, informing them that this action has been filed and of the nature of the action, and of their right to opt-into this lawsuit if they worked for DEGAN CONVENIENCE STORES during the liability period, but were not paid overtime wage as required by the FLSA;

B.   To declare that defendants have violated the overtime wage provisions of the FLSA, 29 U.S.C. §206, as to the plaintiffs and persons similarly situated;

C.   To declare that defendants' violations of the FLSA were willful;

D.   To award SANDERS, and other similarly situated employees and former employees of defendants, damages for the amount of unpaid overtime wage compensation subject to proof at trial;

- 10 -

E.  To award SANDERS, and other similarly situated employees and former employees of defendants, compensation for such expenses as they have been required to expend on defendants' behalf.

F.  To award SANDERS, and other similarly situated employees and former DEGAN CONVENIENCE STORES employees, liquidated damages in an amount equal to the overtime wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

G.  To make the same declarations and awards as prayed for in ¶¶ A-E above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

H.  To award SANDERS, and other similarly situated employees and former DEGAN CONVENIENCE STORES employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b);

I.  To award such other and further relief as this Court may deem appropriate.

DATED this 29 May 2019.

_/s/   N. James Turner_
N. James Turner, Esquire
Counsel for Plaintiff
100 S. Bumby Avenue
Orlando, Florida 32803
(888) 877-5103
Email address:   njtlaw@gmail.com
Florida Bar No. 203041

- 11 -

- 12 -